# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LESLIE KRUIS, t/o/u & t/u/o**
**American Zurich Insurance,**

    Plaintiff,

v.                                          **CIVIL ACTION NO: 3:13-CV-25**
                                                 **(JUDGE GROH)**

**ALLMINE PAVING, LLC,**

    Defendant and Third-Party
    Plaintiff,

v.

**E. STEWART MITCHELL, INC.**,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER DENYING THIRD-PARTY DEFENDANT E. STEWART MITCHELL, INC.'S MOTION TO DISMISS ALLMINE PAVING, LLC'S THIRD-PARTY COMPLAINT

Currently pending before the Court is Third-Party Defendant E. Stewart Mitchell, Inc.'s ("Mitchell") Motion to Dismiss Allmine Paving, LLC's ("Allmine") Third-Party Complaint. Mitchell filed its motion to dismiss on June 13, 2013. On July 8, 2013, Allmine filed its response. On July 22, 2013, Mitchell filed its reply. Therefore, the motion has been fully briefed and is ripe for this Court's review. For the following reasons, the Court **DENIES** Mitchell's motion to dismiss.

## I. BACKGROUND

On November 13, 2012, Plaintiff Leslie Kruis filed a Complaint in the United States District Court of Maryland against Allmine to recover for injuries Kruis sustained

while at an Allmine facility in Inwood, West Virginia.  On March 1, 2013, this case was transferred from the United States District Court of Maryland to the United States District Court of the Northern District of West Virginia.

On March 29, 2013, Allmine filed a Third-Party Complaint against Mitchell seeking to enforce its alleged right of contractual indemnity for the claims asserted by Kruis against Allmine.  Allmine and Mitchell are parties to a Standard Overriding Truck Transportation Agreement ("Agreement"), entered into on December 23, 2010.  Allmine alleges that pursuant to Paragraph 5 of the Agreement, "Mitchell agreed that it 'shall be fully responsible for, and shall defend and hold harmless Allmine from and against any and all liabilities, costs, damages and expenses whatsoever (including legal expenses) arising out of or relating to [Mitchell's] and [Mitchell's] Agents' transportation of Allmine shipments or [Mitchell's] other operations, or from [Mitchell's] or [Mitchell's] agents' presence at or about Allmine's properties, including but not limited to all personal injury, death or property damage losses, damages, actions or claims whatsoever."

Allmine alleges that the claims asserted by Kruis against Allmine arise from Mitchell's transportation of Allmine shipments or Mitchell's agents' presence at or about Allmine's properties.  Therefore, Allmine argues that Mitchell is required to defend and indemnify Allmine.

## II.  RULE 12(b)(6) STANDARD

To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to state a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In recognition of the Supreme Court's plausibility standard

2

for evaluating a motion to dismiss, a complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 570 (emphasis added)). Legal conclusions and labels are insufficient to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure, and only allegations of fact are entitled to the presumption of truth. See Iqbal, 556 U.S. at 678-79.

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rules of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir. 2006)); see also Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 466 (4th Cir. 2011). In this case, the Court considered the Agreement attached to Allmine's Complaint.

### III. ANALYSIS

Mitchell argues that Allmine's Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). First, Mitchell argues that Allmine failed to state factual allegations upon which any relief can be

3

granted. Mitchell also contends that various West Virginia and Missouri statutes bar the indemnification agreement. Thus, Mitchell asserts it is not contractually bound to indemnify Allmine. Second, Mitchell argues that it is immune to Allmine's indemnification claim because Plaintiff filed a claim under Maryland's workers compensation statutory scheme.

### 1. Allmine has Stated a Claim for Indemnification Pursuant to the Agreement

Mitchell contends that there is no substantive law basis for Allmine's third-party claim against it. To determine whether Allmine has stated a sufficient claim, this Court will apply the substantive law of the state in which it sits as this Court has jurisdiction pursuant to diversity. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). However, this Court applies federal procedural law. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996).

Federal Rule of Civil Procedure 14 outlines the process for third-party pleadings. Rule 14(a) provides "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." See Erickson v. Erickson, 849 F. Supp. 453, 457 (S.D.W. Va. 1994). Third-party practices "does not in itself create a right to indemnity or contribution." Lewis v. City of Bluefield, 48 F.R.D. 435, 437-38 (S.D.W. Va. 1969). Therefore, this court must determine whether Allmine has a right to indemnity or contribution under the circumstances.

### A. Allmine has Alleged Sufficient Facts to State a Claim

In its motion to dismiss, Mitchell argues that Allmine has failed to establish any

4

right of indemnity from Mitchell. To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 570.

In Allmine's Third-Party Complaint, Allmine states that, on December 23, 2010, it entered into the Agreement with Mitchell, which contained an indemnification clause. Compl. ¶¶ 8-9. Allmine alleges that the indemnification clause, Paragraph 5, provided that Mitchell will be "fully responsible for, and shall defend and hold harmless Allmine from and against any and all liabilities, costs, damages and expenses whatsoever (including legal expenses) arising out of or relating to [Mitchell's] and [Mitchell's] Agents' transportation of Allmine shipments or [Mitchell's] other operations." Compl. ¶ 9.[1] Allmine states that Kruis's claims against it "arise from Mitchell's transportation of

---

[1] Paragraph 5 of the Agreement states:

> Carrier shall be fully responsible for, and shall defend and hold harmless Allmine from and against any and all liabilities, costs, damages and expenses whatsoever (including legal expenses) arising out of or relating to Carrier's and Carrier's Agents' transportation of Allmine shipments or Carrier's other operations, or from Carrier's or Carrier's agents' presence at or about Allmine's properties, including but not limited to all personal injury, death or property damage losses, damages, actions or claims whatsoever. If any liabilities, costs, damages and expenses indemnified by Carrier pursuant to this provision arise in whole or in part from Allmine's own negligence, fault, breach of this Agreement, or the condition of Allmine's properties, Carrier's obligation to indemnify hereunder shall be reduced by the proportion of Allmine's responsibility for such liability, costs, item of damage and/or expense. Carrier's indemnity obligations under this paragraph shall survive any termination or expiration of this Agreement.

Allmine shipments and/or Mitchell's agents' presence at or about Allmine's properties." Compl. ¶ 10.

Accordingly, Allmine has alleged sufficient factual allegations to state a plausible claim for indemnification from Mitchell pursuant to the Agreement. Therefore, Allmine's Third-Party Complaint will not be dismissed unless Mitchell can establish that the indemnification provision's enforcement is prohibited.

### B. West Virginia Code § 55-8-14 Does Not Prohibit the Enforceability of the Indemnification Provision

Mitchell argues that West Virginia Code § 55-8-14 renders the indemnity clause "unlawful and unenforceable" because the indemnity provision "deals with the transportation of asphalt materials which are used in the construction, alteration, repair, improvement to or maintenance of highways and roads." Third-Party Def.'s Mot. to Dismiss 7.

In this case, there is an express indemnity agreement. "[A]n express indemnity agreement can provide the person having the benefit of the agreement, the indemnitee, indemnification even though the indemnitee is at fault. . . . Courts have traditionally enforced indemnity contract rights so long as they are not unlawful." Valloric v. Dravo Corp., 357 S.E.2d 207, 211 (W. Va. 1987) (citations omitted). To enforce the indemnification agreement, an indemnitee must show it is either actually liable or potentially liable for the plaintiff's claims. Id. An indemnitee must show it is only potentially liable for a plaintiff's claim if the indemnitee (1) gave actual notice to the indemnitor of the underlying claim, (2) gave indemnitors an opportunity to defend against the claims, and (3) gave indemnitors the right to participate in any settlement

6

negotiations. Id.

First, in this case, Allmine gave notice to Mitchell because it was impleaded as a third-party defendant early on in the litigation. See Hill v. Joseph T. Ryerson & Son, Inc., 268 S.E.2d 296, 302 (W. Va. 1980) (finding that indemnitee gave notice because it impleaded indemnitor as a third-party defendant and indemnitor participated in the action). Second, Mitchell, as a party to the case, has an opportunity to defend on the underlying claim. Last, Mitchell does not allege that Allmine has denied it the right to participate in any settlement negotiations. Therefore, Allmine must only show it is potentially liable to Kruis for his claims. Allmine sufficiently alleged in its Complaint that it is potentially liable because Kruis's injuries arise from injuries sustained at an Allmine facility in Inwood, West Virginia.

West Virginia Code § 55-8-14 also provides any agreements "relative to the construction, alteration, repair, addition to, subtraction from, improvement to, or maintenance of any . . . highway, road . . . purporting to indemnify against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the indemnitee, his agents, or employees" is void and unenforceable against public policy. In this case, the Agreement concerned Mitchell's transportation of Allmine's asphalt to TAMKO Building Products, a facility in Maryland that utilizes the asphalt to manufacture roof shingles. Therefore, the Agreement does not concern the construction, repair, or maintenance of highways or raods.

Most importantly, even assuming West Virginia Code § 55-8-14 applies to this Agreement, it does not void "a broad indemnity clause that specifically exempt[s] the

7

'sole negligence' of the indemnitee." Dalton v. Childress Serv. Corp., 432 S.E.2d 98, 100 (W. Va. 1993). Rather, a broad indemnity agreement should be rendered void only if two elements are met: "(1) if the indemnitee is found by the trier-of-fact to be solely (100 percent) negligent in causing the accident; and (2) it cannot be inferred from the contract that there was a proper agreement to purchase insurance for the benefit of all concerned." Id. at 101.

First, in this case, the broad indemnity clause specifically exempts Mitchell from indemnifying Allmine's own negligence or fault. Indeed, the indemnity clause provides that Mitchell's indemnity obligation shall be reduced by the proportion of Allmine's liability. Second, this matter has not proceeded to a jury trial. Therefore, Allmine has not been found by a trier of fact to be solely negligent in causing the accident. Third, the Agreement provides that Mitchell must purchase insurance for the benefit of all concerned. Paragraph 4 of the Agreement states that Mitchell shall, at all times, maintain a minimum amount of insurance as provided for in the Agreement, and Mitchell's insurance policies are primary to any applicable Allmine insurance policies. Also, Mitchell agreed to name Allmine as an additional insured on all its policies. Accordingly, West Virginia Code § 55-8-14 does not void the indemnity clause in this matter.

### C. West Virginia Code § 24A-6-7 and Missouri Statute § 390.372 Do Not Prohibit the Enforceability of the Indemnity Clause

Mitchell argues that the indemnity clause is unenforceable under Missouri law, the choice of law provision in the Agreement, and under West Virginia law. Both Missouri and West Virginia law find indemnity and hold harmless provisions in motor

8

carrier transportation contracts to be against public policy.  Therefore, they are rendered void and unenforceable.  See Mo. Ann. Stat. § 390.372 (providing that an agreement "contained in, collateral to, or affecting a motor carrier transportation contract" that indemnifies, defends, or holds harmless an individual for his liability resulting from negligent or intentional acts or omissions is against public policy and is void and unenforceable); W. Va. Code § 24A-6-7(a) (providing that an agreement "contained in, collateral to, or affecting a motor carrier transportation contract" that indemnifies or holds harmless the negligent or intentional acts or omissions of another is against public policy and is void and unenforceable).

The indemnity provision in the Agreement is not void and unenforceable under the Missouri or West Virginia statute because it does not require Mitchell to indemnify, defend, and hold harmless Allmine for Allmine's negligence, intentional acts, or omissions.  Indeed, Allmine is responsible for its own negligence, fault, breach of the Agreement, or condition of its properties, and Mitchell's indemnification obligation is reduced by the proportion of Allmine's liability.  Therefore, Missouri Statute § 390.372 and West Virginia Code § 24A-6-7 permit the indemnity provision in the Agreement.

### 2. Mitchell is Not Immune from Suit

Mitchell argues that it is immune from suit because Kruis filed an employee's claim with Maryland's Workers' Compensation Commission for his injuries as a result of the events.

Maryland law provides that an employer's liability under the workers compensation act is exclusive.  Md. Code Ann. Lab & Empl. § 9-509.  Because a

9

worker's sole remedy against the employer is a claim filed under the workers compensation act, "the employer is considered to be 'immune' from suit at law." Lumpkins v. United States, 212 F. Supp. 2d 464, 468 (D. Md. 2002) (citation omitted). Generally, the immunity prevents suits against an employer by an employee and third parties who may be held liable to the employee. Id. However, if an employer has entered into an express indemnification agreement with a third party, then the third party may pursue a claim against the employer. See id. at 469 ("A statutory employer may not be sued by a third party for indemnity absent an express indemnification agreement.").

Similarly, under Missouri law, a third party's indemnity action against an employer is not barred by the workers compensation act "when the employer breaches an independent duty or obligation to the third party." Coello v. Tug Mfg. Corp., 756 F. Supp. 1258, 1262 (W.D. Mo. 1991). Also, West Virginia law provides that, although an employer is generally insulated by workers compensation immunity, an employer will not be dismissed from an employee's negligence action where the employer entered into an indemnification agreement with a third party. See Riggle v. Allied Chem. Corp., 378 S.E.2d. 282, 289 (W. Va. 1989); see also Deloach v. Appalachian Power Co., Civ. Action No. 3:10-1097, 2011 WL 5999877, *3 (S.D.W. Va. Nov. 30, 2011) (holding that general indemnification language may waive workers compensation immunity from third party claims).

In this case, Kruis, Mitchell's employee, filed a claim for compensation against Mitchell under Maryland's workers compensation act. Although Mitchell is generally immune from suit by Kruis or a third party who may be held liable to Kruis, Mitchell and

10

Allmine entered into an express indemnification agreement.  Therefore, Allmine may pursue a claim against Mitchell pursuant to the indemnification agreement.

### IV.   CONCLUSION

Accordingly, the Third-Party Defendant Mitchell's Motion to Dismiss Allmine's Complaint [Doc. 38] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** October 8, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE