# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LESLIE KRUIS, t/o/u & t/u/o**
**American Zurich Insurance,**

        Plaintiff,

v.                           **CIVIL ACTION NO: 3:13-CV-25**
                                   **(JUDGE GROH)**

**ALLMINE PAVING, LLC,**

        Defendant/Third-Party Plaintiff.

## ORDER DENYING MOTION TO EXTEND TIME FOR PLAINTIFF TO RESPOND TO MOTION FOR SUMMARY JUDGMENT

On October 2, 2014, the above-named parties filed with this Court a document titled "Stipulation to Extend Time for Plaintiff to Respond to Defendant Allmine Paving, LLC's Motion for Summary Judgment." ECF 69. This is the second such stipulation agreement that the parties have filed with the Court. Allmine Paving, LLC's Motion for Summary Judgment was filed on August 29, 2014. ECF 66. Therefore, the last day the Plaintiff could have timely filed its Response to that motion was September 22, 2014, absent this Court granting an extension. The parties filed their first stipulation agreement on September 17, 2014, and stated that they had agreed to extend the deadline for the Plaintiff to file its Response until October 3, 2014. ECF 68. The second stipulation agreement stated that the parties had agreed to extend that deadline again, this time from October 3, 2014 to October 10, 2014.

The Federal Rules of Civil Procedure require court approval to make this type of

stipulation effective. <u>Orange Theatre Corp. v. Rayherstz Amusement Corp.</u>, 130 F.2d 185, 187 (3d Cir. 1942). Rule 6(b) of the Federal Rules of Civil Procedure provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Interpreting the most recent stipulation agreement filed with this Court as a motion requesting an extension of time, the motion is made after the original time has expired. Thus, in order for the Court to grant an extension, the party seeking the extension must show that it failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

Here, the parties have not sought and the Court has not provided the approval necessary to make their stipulations effective. Furthermore, neither of the two stipulation agreements submitted to the Court include any grounds for finding good cause or excusable neglect. See <u>Way v. Barr</u>, Civil Action No. HAR 94-2519, 1995 WL 418578, at *1 n.1 (D. Md. June 22, 1995) (stating that the court had construed a stipulation for an extension of time as a request under Rule 6(b) and denied it, in part because the stipulation failed "to advance any reason whatsoever for the requested extension"). The parties' most recent filing fails because it does not state any facts indicating excusable neglect, but it would also fail if the original time had not expired because the filing does not state any facts indicating good cause for an extension. The parties have failed to comply with the requirements of Rule 6(b).

Accordingly, the Court **ORDERS** that the Motion to Extend Time for Plaintiff to Respond to Defendant Allmine Paving, LLC's Motion for Summary Judgment, ECF 69, is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to send a copy of this Order to all counsel of record herein.

**DATED**: October 6, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE